PER CURIAM.
The following opinion of the trial judge is adopted as the opinion of this court:
“This cause came before this Court upon the Petition for Condemnation and Declaration of Taking of the Central and Southern Florida Flood Control District and the Objections to the Declaration and Answer and Counter-claim of the Defendants James J. James and Advertising House, Inc. seeking injunctive relief. Several hearings were held upon the issue of the necessity of taking and the pleadings herein, resulting in this Courts’ Order dated April 14, 1972 denying the Order of Taking as to Parcel No. 4 and dismissing that Parcel from this action inasmuch as the Petitioner failed to prove the necessity for acquiring the Parcel. In addition, the said Order required briefs from counsel for the Counterclaimants and the Petitioner upon the issue raised in the Defendants’ Counterclaim.
“The dismissal of Parcel No. 4 left the situation where the Petitioner in this action is not acquiring or physically taking any actual real estate of either of these Defendants. The Counter-claim was preserved- and the issue created therein was whether or not there was a compensable taking of any riparian rights of the Defendants James and Advertising House, Inc. arising from the fact that in pursuance of the federally authorized project of flood control for central and southern Florida a salinity structure will be constructed upsteam of the property of these Defendants which will prevent navigation to the waters of Biscayne Bay and prevent the Defendants from navigating a houseboat, which is utilized for valuable business purposes and moored to their property. The necessity of navigating the barge is for purposes of inspection in complying with insurance requirements. The property in question and the houseboat are owned by the Defendant James and subject to a 99 year lease to the Defendant Advertising House, Inc. The Defendants, in a subsequent brief allowed by this Court, have ad *404 ditionally injected the issue of the applicability of the Federal Uniform Relocation Assistance Act of 1970 (42 U.S.C.A. § 4601 et seq.) to this case.
“The Court, upon consideration of the briefs and arguments of each counsel for the respective parties, finds that the Federal Act cited above does not apply to this case, primarily for the reason that neither of the Defendants qualify as ‘displaced persons’ as the term is definded [sic] in the Act. The Court further finds that although the right of the Defendants to navigate their houseboat on the Miami Canal (C-6) in the direction of Biscayne Bay will be impaired, there will be no loss of access to the waters of the Canal. The impairment of the riparian right of navigation to the Bay, being one of those riparian rights held in common with the public in general is not compensable under the controlling case of Carmazi v. Board of County Commissioners of Dade County, 108 So.2d [318 (1959)]. Since there is no compensable property right of the Defendants being taken, this Court deems it unnecessary to determine whether or not the Defendants can actually claim riparian rights to an artificial waterway.”
* * * * * *
Affirmed.